UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RANDY ALCIDE LEHOUX, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No. 05-210-P-S |
| | ) |
| PRATT & WHITNEY, | ) |
| | ) |
| Defendant | ) |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

Randy Alcide Lehoux has filed an action in this court against his former

employer, Pratt & Whitney, asserting that Pratt & Whitney violated his rights under 31

U.S.C. § 3730(h) of the False Claims Act.  Pratt & Whitney have filed a motion (Docket

No. 11) arguing that there are two reasons that this suit should be dismissed: the

November 8, 2005, complaint is barred by a two-year statute of limitations applicable to

False Claims Act actions brought in the State of Maine and this complaint is barred by

the doctrine of res judicata.  Because I conclude that this action was indeed filed outside

the two-year limitation period, I recommend that the court grant Pratt & Whitney's

motion.

*Discussion*

In analyzing the motion to dismiss vis-à-vis the timeliness bar, I "accept as true

the well-pleaded factual allegations of the complaint, draw all reasonable inferences

therefrom in the plaintiff's favor, and determine whether the complaint, so read, sets forth

facts sufficient to justify recovery on any cognizable theory."  TAG/ICIB Services, Inc. v.

Pan American Grain Co., Inc., 215 F.3d 172, 175 (1st Cir. 2000) (citing LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir.1998)); id. ("Here, the sole issue on appeal is whether the district court applied the correct time bar to TAG/ICB's demurrage claim."); accord Lopez-Gonzalez v. Municipality of Comerio, 404 F.3d 548, 551 (1st Cir. 2005).

Section 3730(h) of title 31 provides:

> Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole. Such relief shall include reinstatement with the same seniority status such employee would have had but for the discrimination, 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees. An employee may bring an action in the appropriate district court of the United States for the relief provided in this subsection.

31 U.S.C. § 3730(h) (emphasis added).

Lehoux's employment with Pratt & Whitney was terminated on January 20, 2003. This action was filed on November 8, 2005.  The parties agree that the applicable statute of limitation is the two-year limitation period on claims under the Maine Whistleblowers Protection Act.  (Mo. Dismiss at 4-6; Resp. Mot. Dismiss at 4.) See 5 M.R.S.A. § 4613 (2)(C) (two-year statute of limitation on Maine Human Rights Act (and, therefore, Maine Whistle Blower's Protection Act)[1] claims); Graham County Soil & Water Conservation

---

[1]     It is settled law that as of the 1988 repeal of 26 M.R.S.A. § 835, a Maine Whistleblower's Protection Act claim must be pursued by following the Maine Human Rights Act procedures. See Schlear v. Fiber Materials, Inc., 574 A.2d 876, 878-79 (Me.1990), abrogated on other grounds DeMello v. Dep't of Envtl. Prot., 611 A.2d 985, 987 (Me.1992); see also Tripp v. Cole, 425 F.3d 5, 9 n. 4 (1st Cir.2005) ("Although the MWPA itself provides no private right of action, complainants may, after appropriate

<u>Dist. v. U.S. ex rel. Wilson</u>, __ U.S. __,125 S. Ct. 2444 (2005) (holding that the closest analogous state statute of limitation applies to FCA claims).

In his opposition memorandum Lehoux contends that Pratt & Whitney's acts of retaliation continued after his employment termination.

- He asserts that on January 14, 2003, he was "interrogated" by Pratt & Whitney's employee relations manager, Donald E. Martel who told him that he could continue to have access to the credit union but was required to call first and notify Human Relations that he was coming. (Resp. Mot. Dismiss at 4-5 & ns. 17-19.)

- He also points to Martel's "false and unsubstantiated statements" made under oath on August 12, 2004, "with malicious afterthought intended to harm" Lehoux.  (<u>Id.</u> at 5.)  Here Lehoux focuses at great length on the August 12, 2004, Martel statement made to Officer Nancy Beaudette of the Maine Department of Labor Administrative Hearing Division regarding Pratt & Whitney's appeal of a July 2, 2004, unemployment compensation decision.  (<u>Id.</u> at 5-15.)

- He claims that Pratt & Whitney submitted false records under oath to support the false and unsubstantiated statements (presumably made by Martel at the August 12, 2004, hearing.  (<u>Id.</u> at 5, 15-16.)

- He protests Pratt & Whitney's continuing refusal to release a complete copy of his employment records despite Lehoux's repeated requests made between March 5, 2003, and November 10, 2003.  (<u>Id.</u> at 5, 16.)

- And he asserts that Pratt & Whitney continues to retaliate against him in that Lehoux now must "self-discriminate" when he seeks new employment because

---

administrative process, file a civil action under the MHRA. <u>See</u> <u>Schlear v. Fiber Materials, Inc.</u>, 574 A.2d 876, 878-79 (Me.1990).").

when he is asked for the reasons for his separation from Pratt & Whitney  "he

defames himself before these prospective employers simply by having to travel

down that path." (Id. at 16.)[2]

Pratt & Whitney relies on U.S. ex rel. Wright v. Cleo Wallace Centers for its

argument that Lehoux cannot press a FCA claim based on Pratt & Whitney's post-

termination conduct.  In that case the Court reasoned:

> Plaintiff also seeks to recover damages for alleged acts of
> retaliation that occurred after his termination. The relief requested is not
> proper. Section 3730(h) specifically provides remedies for retaliatory
> discharge but not for acts of retaliation subsequent to termination. Wright
> provides no authority for such a broad reading of the provision or for his
> efforts to graft the law of Title VII retaliation onto the FCA. I therefore
> conclude that with respect to the retaliation claim, Defendants motion to
> dismiss Wright s allegations of Defendants conduct prior to his discharge
> is denied. The motion is granted, however, as to Wright 's allegations of
> Defendants retaliatory conduct following his discharge.

132 F.Supp.2d 913, 928 (D. Colo. 2000).

This case may be a lone voice but it is a lone voice worth heeding as it is

grounded in common sense, contained within a well-reasoned decision.  I could locate no

decisions interpreting the FCA as embracing post-termination conduct such as identified

by Lehoux.  It is apparent to me that Lehoux's cause of action under the FCA accrued at

the latest on the date he was terminated (indisputably an adverse action under the FCA)

and he had two years from that date to bring his FCA claim to this court.  He did not and

this action it time-barred.

### Conclusion

For the reasons stated above I recommend the Court grant the motion to dismiss

on the grounds that the complaint was filed outside the applicable statute of limitation.

---

[2]     Apparently under this theory of continuing retaliation, there is no statute of limitations because
every time Lehoux applies for new employment, a new act of retaliation occurs.

<u>NOTICE</u>

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

February 8, 2006.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge